PBT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

06 291 T

1

DAVID BRYANT WICKS,
Petitioner,

-vs-

Case No 06 -1288

DONALD L. CARCIERI,
GOVERNOR OF THE STATE
OF RHODE ISLAND,

RHODE ISLAND STATE
SHERIFF'S DEPARTMENT

Respondents.

FILED
MAR 2 2006
MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO TITLE 28 OF THE UNITED STATES CODE, SECTION § 2254**

**COMES NOW**, Petitioner, David Bryant Wicks, pro-se, and moves this Honorable Court pursuant to Title 28 of the United States Code, Section 2254, "Petition for Writ of Habeas Corpus" by State Prisoner filing in a federal Court.

**JURISDICTION**

1. Petitioner, a resident of the State of Pennsylvania, the City of Philadelphia, is presently housed at the Montgomery County Jail awaiting extradition to the State of Rhode Island. On March of 2006, Petitioner was before the Honorable Judge Rogers, Court of Common Pleas, Montgomery County, Pennsylvania for a petition for writ of habeas corpus hearing. At the hearing it was established that the Montgomery County Court of Common Pleas did not have **STANDING** to issue an Order of the Court prohibiting the State of Rhode Island from demanding Petitioner. The Only issues that the Common Pleas Court could entertain were the issues as to (1) whether or not the defendant's name is on the warrant for his demand, (2) whether or not he was in the demanding

state during the commission of the alleged offense, (3) whether or not the accused is a fugitive from justice, and (4) whether or not the requestion papers are in order.

2. The Court issued an order denying Petitioner's petition and then [REMANDED] him to the custody of the Governor and Sheriff of the State of "Rhode Island." Petitioner, although he was remanded to the State of Rhode Island, petitioner is still housed in this State awaining extradition. hence, this Emergency Petition for Writ of Habeas Corpus redressing the deprivation of his right protected by the United States Constitution, and by a statute, that being the Interstate Agreement on Detainer's Act, by which the Petitioner alleges jurisdiction pursuant to Title 28 of the United States Code, Section § 1343 (3).

**BRIEF STATEMENT OF THE FACTS**

3. Petitioner was alleged to have committed the offense(s) of Forgery related crimes in the State of Rhode Island on or about July 22, 200[4]. In the month of August of that same year the Municipal Court in Rhode Island, [Rhode Island does not have a County Government], a [summons] was initially issued for Petitioner to appear which warned petitioner that non compliance to the summons a warrant for his arrest will issue. During the date that the summons was issued, approximately September 14, 200[4], Petitioner was in custody at the Lewis County Central Regional Jail. Authorities in Lewis County, [West Virginia], contacted Rhode Island as to petitioner's whereabouts by which Rhode Island thereafter filed a detainer against Petitioner. On September 25, 2004 petitioner plead guilty to his West Virginia criminal charges thereby afterwards requested "Final Disposition of the underlying criminal charges in Rhode Island. The jail authorities forwarded the necessary documents to Rhode by Certified Mail Return Receipt demanding disposition of the criminal charges in that State.

4. Petitioner received the "Green" Certified Mail Card from Rhode Island indicating that the request for final disposition was received by the Rhode Island Authorities which had a "run date" of September 27, 200[4]. Petitioner was not released from the State Prison until March of 200[5]. [Before] his release, the State authorities contacted Rhode Island again, the third time Rhode Island was contacted by jail and state authorities concerning the Petitioner, as to whether or not Rhode Island wanted to extradite Petitioner to their state. Rhode Island again, for the third time, refused extradition and the Petitioner was released from state custody on March 16, 2005. The Interstate Agreement on Detainers Act is now being violated, Petitioner was not extradited to Rhode Island by authorities and thus the 180 days had passed for Rhode Island to demand his presence in that state. See Article V, Subsection (c) of the Act.

5. Petitioner is now asking that the Court issues an order for a Hearing before the Court for a determination as to the merits of his claim.

**RELIEF REQUESTED**

6. Petitioner has a medical condition that will only allow him to most likely live for another six to 12 months, Cancer, Petitioner is requesting that an emergency hearing is held so that the court can view his documents proving that the State of Rhode Island is violating the Interstate Agreement on Detainer's Act by demaning that he be extradited to their jurisdiction when the Act requires that the demanding jurisdiction, that be the state of Rhode Island, issue an order of their court dismissing the complaint, indictment or information with prejudice. See Article V, Subsection (c). IAD.

Ddated this ___________day of _____________2006.

______________________
Petitioner.

PBT

Mr David B. [illegible]
I/M #057262
Montgomery Co. Jail
60 Eagleville Rd
Norristown Pa 19403

06 -1256

Mr. Michaele E. Kunz
Clerk U.S District Court
Phila Pa 19106-1797

MAR 2 ? 2006

March 17 2006

Dear Sir:

Please find the enclosed "Petition for Writ of habeas Corpus Pursuant to 28 U.S.C § 2254. I am asking that you "PLEASE" file this as an Emergency because Im diagnosed with Cancer and don't have long to live. I have all my documents with me to Prove that Pursuant to the Interstate Agreement on Detainer Act Article V. Subsections (c) I was in Custody in Henrico County, and West Virginia and waited 180 days before being Released and Rhode Island Refused to take custody of me. This Jail will Not allow inmates to use The Photo Copier. So I have all my originals to Prove my case to the Federal JudGE. Please Please Get me in front of The JudGE. I do Know Im RiGht. I anxiously await your most needed response!

Sincerely
Yours

[signature]

PBT

FORM TO BE USED BY A PRISONER FILING AN APPLICATION TO PROCEED IN FORMA PAUPERIS IN A 42 U.S.C. § 1983 CIVIL RIGHTS ACTION IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## I. CAPTION

06 -1256

David Bryant Wicks
(Enter the full name of plaintiff or plaintiffs)

v.

Donald L. Carcieri et al, Governor of the State of Rhode Island
(Enter the full name of defendant or defendants)

FILED
MAR 2 . 2006
MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

**Instructions:**

The caption of this application should be identical to the caption of the complaint. A separate application must be completed by each plaintiff listed in the caption. Show your full name in the first line of the declaration below. Provide all information requested.

## II. DECLARATION

I, (your name) David B. Wicks, declare that I am the plaintiff in the above-captioned 42 U.S.C. § 1983 civil rights action, and that I am entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 because of my inability to prepay the full $150 fee to file this action or give security therefor. I understand that the granting of *in forma pauperis* status does not waive payment of the full filing fee.

In further support of this application, I provide the following information:

1. Do you presently have prison employment? yes ( ) no (X)
2. If you are not employed do you have other income? yes ( ) no (X)
3. If "yes" to either of above, state source of monthly income and amount.

   source None amount 0.00

4. If "no," state date and place of last employment and amount of monthly income.

   date and place Disabled amount ____

5. Do you have money in a prison account? yes (X) no ( ). amount $3.00
6. Do you have money in a bank account? yes ( ) no (X) amount ____
7. Do you own or have an interest in valuable property such an automobile real estate, stocks, or bonds? yes ( ) no (X)

   If "yes," describe property None value $0.00

8. List the persons who depend on you for support, state their relationship to you, and how much you contribute toward their support.

Gabriel Weeks

9. State whether you have received within the past 12 months any money from any of the following sources:

a. Business, profession or other form of self-employment yes ( ) no (X)

b. Rent payments, interest or dividends yes ( ) no (X)

c. Pensions, annuities or life insurance payments yes ( ) no (X)

d. Gifts or inheritances yes ( ) no (X)

e. Any other sources yes ( ) no (X)

If the answer to any of the above is "yes," describe each source of money and state the amount received from each source during the past 12 months.

None

### III. DECLARATION AND SIGNATURE

I declare under penalty of perjury that the foregoing is true and correct.

3/17/06 — DATE

[signature] — SIGNATURE OF PLAINTIFF

### IV. CERTIFICATION

*Instructions:*

Request that an appropriate prison official provide: 1) the information below concerning your inmate trust fund account balances; and 2) a certified copy of your inmate trust fund account statement showing all deposits and withdrawals for the prior six-month period.

I certify that the applicant named herein has the sum of $ 3.00 on account to his credit at the Montgomery County Jail institution where he is confined.

I further certify that during the last six months the applicant's average monthly account balance was $ 15.00 ; and that the average monthly deposits during the during the last six months were $ 45.00 .

I further certify that the applicant has the following securities to his credit according to the records of said institution:

Montgomery County Correctional Facility.

March 17 2006 — DATE

[signature] — SIGNATURE AND TITLE OF AUTHORIZED OFFICIAL