**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID BRYANT WICKS** | : | |
| | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-291T** |
| | : | |
| **DONALD CARCIERI, ET AL** | : | |
| | : | |
| **Respondent** | : | |
| | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254, PETITIONER'S MOTION TO STAY THE PENDING COURT PROCEEDINGS, AND PETITIONER'S MOTION TO AMEND THE PETITION**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Emergency Petition For Writ of Habeas Corpus Pursuant To Title 28 Of The United States Code, Section § 2254*, and related motions.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman________

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 5th day of January, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to David Bryant Wicks, 2075 Independece Street, Philadelphia, PA 19138.

/s/ Aaron L. Weisman_

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID BRYANT WICKS** | : | |
| | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-291T** |
| | : | |
| **DONALD CARCIERI, ET AL** | : | |
| | : | |
| **Respondent** | : | |
| | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254, PETITIONER'S MOTION TO STAY THE PENDING COURT PROCEEDINGS, AND PETITIONER'S MOTION TO AMEND THE PETITION**

Background

In November 2004, the State of Rhode Island charged Plaintiff by Criminal Information Number K2-2004-0631A with forgery and counterfeiting (R.I.G.L. § 11-17-1) and obtaining money under false pretenses (R.I.G.L. § 11-41-4), in connection with the State's allegation that Plaintiff, on July 25, 2004, had passed a "bad" $1,000 check at the Warwick (Post Road), Rhode Island WalMart. (*Please see* the attached *Criminal Docket Sheet Report* and *Criminal Information K2-2004-0631A*.) He was subsequently arraigned, in abstentia, on December 3, 2004, and, on March 7, 2006, a Rhode Island Governor's Warrant was filed with the appropriate Pennsylvania authorities, which on that same March 7, 2006 date ordered Plaintiff returned to Pennsylvania County Prison to await extradition to Rhode Island following the disposition of Plaintiff's outstanding Pennsylvania criminal charges. Petitioner then subsequently appeared in Rhode Island Superior Court (for the County of Kent) on June 19, 2006, at which appearance the

Superior Court canceled the warrant which had been outstanding. When, however, Petitioner very soon thereafter failed to appear at the next scheduled Superior Court date, another warrant was issued on June 29, 2006. As a Rhode Island State warrant is, to the best of the undersigned's current knowledge and belief, still pending for Petitioner as a consequence of his failure to appear in June of 2006, and the State (again, to the best of the undersigned's current knowledge and belief) does not know the current whereabouts of the Petitioner, no further action on Petitioner's Criminal Information Number K2-2004-0631A ((charging forgery and counterfeiting (R.I.G.L. § 11-17-1) and obtaining money under false pretenses (R.I.G.L. § 11-41-4)) has been taken since that June 2006 date.

Discussion

The basis of Petitioner's "*Emergency Petition For Writ Of Habeas Corpus Pursuant To Title 28 Of The United States Code, Section § 2254*" appears to be his assertion that, in connection with his extradition from Pennsylvania to Rhode Island pursuant to a Rhode Island Governor's warrant, the State of Rhode Island violated Article V, Subsection C of the Interstate Agreement on Detainers Act ("IAD")[1] by failing to have him extradited within 180 days from the date Rhode Island "demand[ed] his presence" in Rhode Island. (*Emergency Petition For Writ Of Habeas Corpus Pursuant To Title 28 Of The United States Code, Section § 2254* at 3.) The State would object to this contention,

[1] That provision states that "[i]f the appropriate authority shall refuse or fail accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the case with prejudice, and any detainer based thereon shall cease to be of any force or effect."

and hence ask that Petitioner's 28 U.S.C. § 2254 action be dismissed, on a number of grounds.

First, given that the forgery and counterfeiting Criminal Information filed against Petitioner has yet to have even gone to trial (indeed, as related above, because of Petitioner's failure to appear in June of 1996, the charges against Petitioner have not been able to proceed), Petitioner has obviously failed to "exhaust[] the remedies available in the courts of" Rhode Island (28 U.S.C. § 2254(b)(1)). That is, because there is no colorable suggestion that Rhode Island would not afford Plaintiff an adequate opportunity to raise the Interstate Agreement on Detainers (IAD) contention instantly pressed in his 28 U.S.C. § 2254 application, Petitioner's failure to have first exhausted this contention in the Rhode Island courts compel the dismissal of this action.

Second, the State would suggest that because the "procedural mechanisms set forth in the IAD do not rise to the level of constitutional rights" (Pethel v. McBride, ____ S.E.2d ____, 2006 WL 1585116, * 8 (W.Va.)(*citing* Reed v. Farley, 512 U.S. 339, 352-54 (1994)), an IAD claim may only be properly raised in a habeas petition when such claim results in a complete miscarriage of justice. Cross v. Cunningham, 87 F.3d 586, 587-88 (1st Cir. 1996)("Although the IAD is considered federal law for purposes of habeas corpus ***, nonconstitutional claims can be raised on habeas only if the alleged error results in a complete miscarriage of justice.")(internal quotation omitted). *See also* Hernandez v. State, 2006 WL 1495578, * 4 (D.R.I.)(*citing* and *quoting* Cross v. Cunningham in dismissing a 28 U.S.C. § 2254 IAD-based habeas application). As nothing in Petitioner's papers, then, would even appear to suggest that the asserted IAD

violation resulted in "a complete miscarriage of justice", the asserted IAD violation is not even cognizable in a 28 U.S.C. § 2254 action.

Finally, the State would contend that, even reaching the merits of Petitioner's asserted IAD violation, the State of Rhode Island in fact did not violate that compact, as Rhode Island, to the best of the undersigned's knowledge and belief, simply never filed a detainer with either the Virginia or West Virginia officials,[2] and thus the relevant provisions of the IAD were never invoked.[3] Moreover, notwithstanding Petitioner's apparent representation, there is no evidence, at least none that the undersigned has seen, evidencing that Petitioner, as required by Article III(b) of the compact, provided "written notice and request for final disposition *** to the warden, commissioner of corrections,

---

[2] Petitioner seems to aver that he was incarcerated in West Virginia beginning from September 12, 2004 until November 16, 2004, and then in Virginia from November 16, 2004 until March of 2005. (*Emergency Petition For Writ Of Habeas Corpus Pursuant To Title 28 Of The United States Code, Section § 2254.*)

[3] ***Please see*** Article III(a) of the IAD, which provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

(*Id.* (emphasis added).)

or other official having custody of him" (*id.*) in West Virginia or Virginia. Petitioner, that is, has simply not demonstrated that either he or the State of Rhode Island properly invoked the IAD, let alone that the State had violated any relevant provision of that contract.

Conclusion

For these reasons – because Petitioner has not exhausted his state remedies, because the asserted IAD violation he complains of is not cognizable in a 28 U.S.C. § 2254 action, and because the asserted IAD complaint is in any event lacking in substance – the State would respectfully ask that Petitioner's *Emergency Petition For Writ of Habeas Corpus Pursuant To Title 28 Of The United States Code, Section § 2254* be dismissed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman________
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 5th day of January, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to David Bryant Wicks, 2075 Independece Street, Philadelphia, PA 19138.

/s/ Aaron L. Weisman_________